### ALLOWANCE OF MILEAGE TO WITNESSES.

Court of Common Pleas of Hamilton County.

BENJAMIN A. WAYBRIGHT v. HENRIETTA BONNELL.

Decided, December 11, 1917.

*Mileage—Review of Legislation in Ohio With Reference to Allowance of Mileage to Witnesses—Ordinarily Witnesses Are Entitled to Mileage for Only One Attendance.*

Witnesses living at a distance from the place of holding court are entitled to mileage only once in the same case; but where there is an adjournment of the hearing for a longer period than over night, as from Friday till Monday or some later day, it is within the discretion of the court to make a second allowance of mileage.

*Hicks & Hicks* and *E. W. Kemper,* for motion.
*W. W. Bellew,* contra.

GEOGHEGAN, J.

Heard on motion to retax costs.

I have considered the single question as to whether a witness is entitled to mileage for each day's attendance at a trial under the same subpoena, as the other question presented is a mere matter of arithmetical calculation which can be adjusted with the clerk.

In this case a number of witnesses who are entitled to mileage were compelled to attend court over several days.   Living in

the country they returned to their homes each evening and appeared again the next morning. When they claimed their attendance each day the clerk not only allowed the attendance fee, but charged up mileage for each day, and the question now presented is whether or not this mileage for each day should be allowed.

I am of the opinion it should not. I have traced the history of the act allowing fees to witnesses for attendance at court from the act of August 1, 1792, N. W. Territory, Chase's Statute, Vol. 1, p. 136, down to the present day, where it appears in Section 3012, General Code. Originally the witnesses were allowed three cents a mile coming and going; subsequently, the statute did not provide for any mileage, although there were several amendments to the statute increasing the amount of witness fees. By the act of March 16, 1852, 50 Ohio Laws, 119, the statute was amended to read substantially as follows:

"For each day's attendance   *   *   *   seventy-five cents and five cents per mile from his or her place of residence to the place of holding said court."

This subsequently appeared as Section 1301 of the Revised Statutes, although in the act of April 8, 1876, 73 Ohio Laws, 180, the words, "and returning therefrom" were added to the statute, but this act was made not to apply to counties having a population of two hundred thousand or more, which I assume was intended to mean Hamilton county. Subsequently, Section 1301 was amended by the act of March 20, 1884, repealing Section 1301, and providing as follows, as amended Section 1301:

"All witnesses in civil cases shall be allowed the following fee: For each day's attendance at the court of common pleas, or other court of record, to be paid by the party at whose instance he is summed on demand, and taxed in the bill of costs, one dollar, and five cents per mile from his place of residence to the place of holding court and returning therefrom."   *   *   *

This amendment was carried through the various revisions and into the General Code as Section 3012.

From the history of this statute it is apparent that it is not the intention of the Legislature to allow a witness more than one fee for mileage for coming to court and returning home under the same subpoena, unless, perhaps the court has adjourned over a day, in which event a liberal construction would permit the witness to go home and come back again and allow additional mileage for the coming and returning. I have examined the authorities in a great many other states with reference to this matter and find that under varying statutes and even in the absence of statutes but according to the rules of court, witnesses are only allowed mileage once under the same subpoena, and that it never has been held to be the policy of the law that a witness might return home each day and charge up mileage for his coming and going. Of course, there can be very little gained by the examination of authorities outside of this state, owing to the difference in the character of statutory construction, but it seems to me to be in accord with the general history of the legislation upon this subject that witnesses are only to be allowed mileage once in the same case. If this works a hardship on witnesses, it is the fault of the lawyers who subpoena them and keep them in attendance at court, without using them, from day to day. A little care on the part of lawyers might result in witnesses only being called when they are needed and the difficulty we have here avoided.

The motion to retax costs, therefore, in this respect will be granted, with the provision however, that if any witnesses were called back on Monday after the Friday adjournment, they will be allowed mileage for coming back on Monday under orders of court.